HELEN G. LITTLEFIELD *vs.* EVERETT LITTLEFIELD.

Suffolk.   January 27, 1899. — September 7, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Libel for Affirmation of Marriage.*

At a hearing on a libel brought under the provisions of Pub. Sts. c. 145, § 11, and
St. 1895, c. 427, for the affirmation of a contract of marriage into which the
libellant had entered with knowledge that within two years thereof a decree of
divorce from a former wife had been granted against the libellee, it cannot be
said that a request by the libellant for a ruling, " as matter of law, that the said
libel should be granted," was improperly refused by the presiding judge.

LIBEL, under the provisions of Pub. Sts. c. 145, § 11, and
St. 1895, c. 427, for the affirmation of a marriage.

At the hearing in the Superior Court, before *Braley*, J., it
appeared that the libellant and libellee were married on October
22, 1890, and lived together as husband and wife until Novem-
ber 15, 1897 ; that on February 4, 1889, a former wife of the
libellee obtained a decree of divorce against him which was made
absolute on August 2, 1889 ; and that the present libellant at the
time of her marriage knew that two years had not elapsed since
the libellee had been divorced from his former wife.   At the
close of the testimony of the libellant, who was the only witness
at the hearing, she requested a ruling upon the evidence " as
matter of law that the said libel should be granted."   The judge
refused so to rule, and dismissed the libel ; and the libellant
alleged exceptions.

*H. H. Armington*, for the libellant.

*T. Hunt*, for the libellee.

MORTON, J.   The libellant says in her brief that " although
the bill of exceptions is not so clear as could be desired, it is ap-
parent that the Superior Court dismissed the libel on the ground
that the case at bar is not covered by Chapter 427, of the Acts
of 1895," and then proceeds to argue that the case comes within
that statute.   But so far as appears from the bill of exceptions
the only request made of the court by the libellant was that it
should rule upon the evidence " as matter of law that the said

libel should be granted." As the bill of exceptions stands, therefore, the question presented by it is whether we can say that the refusal of the court to rule as requested by the libellant, that upon the evidence as matter of law the libel should be granted, was wrong. We do not see how we can say so. One of the conditions upon which a subsequent marriage which has been entered into under the circumstances described in the statute may be legalized is, that " such subsequent marriage contract was entered into by at least one of the parties in good faith, in the full belief that the former husband or wife was dead, or that such former marriage had been annulled by divorce." St. 1895, c. 427. We cannot say that the judge may not have found that the subsequent marriage was not entered into " in good faith, in the full belief " on the part of the libellant or libellee that the " former marriage had been annulled by divorce." The libellant was the only witness, and it cannot be held as matter of law that the judge was bound to believe what she said.

Dealing with the case as it comes before us, we think that it is clear that the exceptions must be overruled.

*So ordered.*